**IN THE UNITED STATES COURT
FOR THE DISTRICT OF DELEWARE**

| | | |
|---|---|---|
| **SAGEWORKS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No._____** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **MOODY'S ANALYTICS,  INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff Sageworks, Inc. ("Sageworks"), by and through its counsel, complaining of

Defendant Moody's Analytics, Inc., alleges and says:

**PARTIES**

1.     Plaintiff Sageworks is a North Carolina corporation with its principle place of

business in Raleigh, North Carolina.

2.     Defendant Moody's Analytics, Inc. is a Delaware Corporation with offices in

New York, New York; West Chester, Pennsylvania; San Francisco, California; and, Omaha,

Nebraska.

**JURISDICTION AND VENUE**

3.     The claims herein are brought pursuant to 28 U.S.C. §§ 1331 and 1400.  This

Court has subject matter jurisdiction over this dispute.

4.     Defendant sells and/or offers for sale infringing goods and services and is

incorporated in this judicial district.  Personal jurisdiction and venue are proper in this judicial

district.

## FACTS

5.      Sageworks is a leading financial information company that provides innovative software solutions to financial institutions, accounting firms, and private companies.  Sageworks' software solutions enable its clients to better understand complex financial data and manage risks.

6.      One of Sageworks' innovative solutions is the Electronic Tax Return Reader (ETRR).  The ETTR efficiently and automatically extracts financial data from electronically produced PDF tax returns. As a result of the ETTR being novel and nonobvious, in August 2016 the United States Patent and Trademark Office issued U.S. Patent No. 9,418,315 (the '315 Patent) to Sageworks for the ETRR invention, a copy of which is attached hereto as Exhibit A. The '315 Patent explains the ETTR invention.

7.      Upon information and belief, on April 27, 2017, after Sageworks' ETRR was publicly disclosed, Defendant unveiled its "new Tax Return Import feature, [as] an enhancement to [its] Lending Cloud loan origination system." Press releases stated that Moody's Tax Return Import "allows lenders to process electronic tax documents more quickly to increase efficiency, streamline loan decisions, and reduce time-to-cash for customers."  The tool required "little or no training" and was being rolled out by Defendant that month.   A representative sample press release announcing the product is attached hereto as Exhibit B.

8.      Sageworks obtained advertisements discussing Defendant's tax return tool.  These advertisements described a product that appears to function identically to Sageworks' ETRR invention and practices the claims of the '315 patent.  In particular:

   a.   Defendant's tax return import tool is described as extracting data from a portable document format (pdf) file.

b.  Defendant's tool is for use with specific electronic forms, namely the 1040, 1120, 1120S, and 1065 tax returns and supporting schedules.  This indicates that Defendant's tool is configured to be able to identify the schedule from which it is reading information and is practicing the step of identifying at least one document identifier associated with a first document in a portable document format (pdf) file.

c.  In order to read information from a given form, Defendant's tool needs to know where on the identified form it should search for information.  Thus, Defendant's tool needs to determine and identify a reference point identifier, an offset value for indicating a location of a detection area, and size information for indicating the size of the detection area.

d.  Defendant discloses its tool extracts data from the PDF file.  Because of how tax forms are set out, Defendant's tool would necessarily extract data within at least one detection area of the document.

Thus, it appears that Defendant's tool practices at least the limitations of Claim 1 of the '315 patent.  Thus, Defendant infringes the '315 patent.

9.  On August 1, 2017, Sageworks wrote to Defendant, putting Defendant on notice of the '315 patent and requesting Defendant provide Sageworks with additional information confirming how Defendant's tax return import tool works.

10.  Defendant did not provide the requested information.

11.  On August 21, 2017, Sageworks again wrote to Defendant.  Sageworks again asked Defendant to provide Sageworks with additional information as to how Defendant's tax return import tool works.  Sageworks promised to keep any such information confidential and to

use it for no purpose other than for purposes of investigating Defendant's product for infringement.

12.     Defendant has not provided the requested information.

13.     Defendant continues to make, use, sell, and offer to sell its tax return import tool with full knowledge of Sageworks' rights.

14.     Defendant further offers to sell and sells its tax import tool to third parties in the United States.

15.     Defendant advertises its product as a replacement for manual data entry for tax returns.  Defendant encourages consumers to buy and use Defendant's tax import software tool instead of engaging in manual data entry.

16.     Customers who use Defendant's tax return import tool import tax returns into the tool and extract data therefrom for use in other software programs.

17.     Upon information and belief, Defendant knows that consumers who use Defendant's tax import software tool practice the steps of the methods described in the '315 patent.

18.     Upon information and belief, Defendant knows there is no substantial non-infringing use of its tax import software.

## COUNT I
### Patent Infringement
### 35 U.S.C. § 271

19.     Plaintiff realleges the preceding paragraphs.

20.     Sageworks owns the '315 patent.

21.     Defendant infringes the '315 patent by making, selling, offering to sell, or using the invention set forth in the '315 patent without permission from Sageworks.

22.     Defendant directly infringes the '315 patent.

23.     Defendant advertises its tax import software tool to consumers.   Defendant encourages consumers to buy this tool from Defendant and use this tool to enter data into computer programs.

24.     Defendant knows that use of its tax import software tool infringes the '315 patent.

25.     Defendant actively induces its customers to infringe the '315 patent.

26.     Defendant sells and offers to sell in the United States a software program for use in practicing patented methods of the '315 patent, knowing that those who use Defendant's tax import software will practice the patented methods.   Upon information and belief, Defendant further knows that there is not a substantial non-infringing use of its software.

27.     Defendant contributorily infringes the '315 patent.

28.     Defendant knew about the '315 patent.   Upon information and belief, Defendant knows it is infringing the '315 patent.   Upon information and belief, Defendant's acts are intentional.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays the Court that:

A.     the Court find in favor of Plaintiff on all claims;

B.     the Court find Defendant knowingly and intentionally infringed the '315 patent;

C.     the Court enjoin Defendant from further directly infringing, inducing infringement, and contributorily infringing the '315 patent;

D.     the Court award Plaintiff damages adequate to compensate for the infringement, in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the Court;

E.      the Court award treble damages;

F.      the Court find this case exceptional and award Plaintiff its reasonable attorneys'

fees;

G.      the costs of this action and prejudgment interests be taxed against Defendant; and,

H.      the Court grant Plaintiff such other and further relief as the Court may deem just

and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury be held on all issues so triable.

**BAIRD MANDALAS BROCKSTEDT, LLC**

By:      /s/ Kevin A. Guerke
        Kevin A. Guerke, Esquire
        DE State Bar No. 4096
        2961 Centerville Road, Suite 310
        Wilmington, DE 19801
        Telephone: (302) 327-1100
        Email: kguerke@bmbde.com

        AND

**COATS & BENNETT, PLLC**
Anthony J. Biller, Esquire
NC State Bar No. 24,117
Emily M. Haas, Esquire
NC State Bar No. 39,716
1400 Crescent Green, Suite 300
Cary, North Carolina 27518
Telephone: (919) 854-1844
Facsimile: (919) 854-2084

Attorneys for Plaintiff Sageworks, Inc.